IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL BROOMER, | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 19-588-LPS |
| DANA METZGER, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents. | : | |

## **MEMORANDUM**

Presently pending before the Court is Petitioner Michael Broomer's ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (D.I. 2) Petitioner asserts thirty-two claims, including ineffective assistance of counsel claims, and states that his Rule 61 motion presenting most of those claims is still pending before the Delaware Superior Court. (D.I. 2 at 12)

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d

Cir. 1997). Given Petitioner's admission that his Rule 61 motion is still pending in the Delaware courts, the Court concludes that Petitioner has not yet exhausted state remedies for his Petition.[1]

Accordingly, the Court will summarily dismiss Petitioner's § 2254 Petition (D.I. 2) without prejudice, and dismiss his Motion for Leave to Proceed *In Forma Pauperis* (D.I. 1) as moot.[2] The Court will also decline to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: May____, 2019

_____
UNITED STATES DISTRICT JUDGE

---

[1] In Delaware, ineffective assistance of counsel claims will not be considered if presented on direct appeal; they must be presented to the Superior Court in a Rule 61 motion.

[2] Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Petitioner is responsible for determining the events that trigger and toll the limitations period.